UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMELIA RUZZO, ) | |
| ) | |
| Plaintiff, ) | 03:05-CV-00671-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| PLACER DOME INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Presently before the court is Amelia Ruzzo's ("Ruzzo") Motion to Conduct Jurisdictional Discovery (## 35, 36[1]). Placer Dome Inc. ("PDI") has filed a response (# 46) to which Ruzzo subsequently replied (# 50). During an April 24, 2006, hearing, the court construed PDI's response as a cross-motion for bifurcation. Pursuant to the court's order, PDI subsequently filed a supplemental reply (# 57), and Ruzzo thereafter filed a sur-reply (# 60). PDI also seeks leave to file a sur-sur-reply (# 61), to which Ruzzo opposes (# 62).

**I. Factual Background**

This action involves an employment dispute between PDI and Ruzzo. PDI is a multinational mining company, incorporated under the laws of Canada, with its principal place of business in Vancouver, British Columbia, Canada. In January, 2004, Ruzzo began working for PDI

---

[1] Refers to the court's docket number.

1 as the Vice President of the Information Systems Group.  The position was described as "a new
2 corporate head office role [whose] purpose will be to provide strategic direction and business
3 oversight for global information technology within the Placer Dome Group [PDG]."  (Compl. ¶
4 35.)
5       Ruzzo alleges that, upon commencement of her employment, she was never given the job
6 responsibilities that were promised to her.  Specifically, Ruzzo alleges that she was not given
7 responsibility for implementing PDI's Enterprise Planning Software, which PDI refers to as the
8 Integrated Business Systems ("IBS").  During her employment, Ruzzo alleges that she informed her
9 superiors of problems surrounding the IBS.  Ruzzo further alleges that she informed her superiors
10 that PDI was making misrepresentations to its board of directors concerning the IBS, and that PDI
11 was misleading investors regarding the increasing costs and lack of internal controls in the IBS.
12       On February 14, 2005, Ruzzo was fired from her position at PDI without explanation.
13 Upon her termination, Ruzzo, asserting that her termination was wrongful under Canadian law,
14 retained a Vancouver attorney.  Following Ruzzo's retention of counsel, Ruzzo and PDI allegedly
15 reached a compromise on her claims.  However, before formal settlement documents were
16 executed, Ruzzo retained a United States attorney and allegedly repudiated the settlement
17 negotiated by her Canadian attorney.  On July 14, 2005, PDI commenced an action in British
18 Columbia to enforce the settlement agreement.  That action is currently pending.
19       On December 8, 2005, Ruzzo filed this action asserting fraudulent inducement, negligent
20 misrepresentation, and tortious discharge.  On January 26, 2006, PDI filed a motion to dismiss for
21 lack of *in personam* jurisdiction and on the basis of *forum non conveniens*.  Ruzzo filed the present
22 motion to conduct jurisdictional discovery prior to filing the opposition to defendant's motion to
23 dismiss.
24 **II. Legal Standard**
25 This court has broad discretion to allow discovery to aid in determining whether the court
26

2

has *in personam* jurisdiction. *Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977); *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). Jurisdictional discovery "'should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'" *Wells Fargo & Co.*, 556 F.2d at 430 n.24 (quoting *Kilpatrick v. Texas & P. Ry.*, 72 F.Supp. 635, 638 (S.D.N.Y. 1947)). Discovery should be denied "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Id*. (citing *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)).

**III. Discussion**

In the case at bar, Ruzzo argues that jurisdictional discovery should be permitted due to numerous controverted facts regarding this court's personal jurisdiction over PDI. In response to Ruzzo's motion, PDI is requesting that this court decide whether this action should be dismissed due to *forum non conveniens*[2] before determining whether the court has personal jurisdiction.

The Ninth Circuit has not addressed the issue of whether a district court can decide issues relating to *forum non conveniens* before determining whether it has personal jurisdiction over a party. Other courts addressing this issue have split. The Second Circuit[3] and the D.C. Circuit[4] have ruled that a court may address *forum non conveniens* issues without determining jurisdiction. By

---

[2] The doctrine of *forum non conveniens* gives a district court "'discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties.'" *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1177 (9th Cir. 2006) (citing *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2006)).

[3] *In re Arbitration Between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine*, 311 F.3d 488 (2d Cir. 2002).

[4] *In re Papandreou*, 139 F.3d 247 (D.C. Cir. 1998).

way of contrast, the Third Circuit[5] and the Fifth Circuit[6] have determined that jurisdictional issues must be decided before a court may decide a motion to dismiss on the basis of *forum non conveniens*. In light of the unsettled nature of this issue, the court will reserve ruling on PDI's cross-motion for bifurcation until the issues of *forum non conveniens* and personal jurisdiction have been submitted to the court for decision. At that time, the court will be in a position to make an informed decision concerning the propriety of PDI's request. The court notes, however, that based upon the record before the court, it appears likely that this case will be dismissed on the basis of *forum non conveniens* even if it is determined that this court has jurisdiction over PDI.

With respect to Ruzzo's motion to conduct jurisdictional discovery, the court finds that limited discovery is warranted as a "more satisfactory showing of the facts is necessary." *See Wells Fargo & Co.*, 556 F.2d at 430 n.24. The court, however, finds that the specific jurisdictional discovery requested by Ruzzo is overbroad. Therefore, the court will order limited jurisdictional discovery to be conducted in conformance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, which provides for deposition upon oral examination. Specifically, Ruzzo shall submit a discovery request within fifteen (15) days of the date of this order stating with reasonable particularity the matters on which examination is requested.[7] PDI shall then have fifteen (15) days in which to object to Ruzzo's proposed discovery. Ruzzo shall then have ten (10) days to file an opposition. PDI shall thereafter have five (5) days in which to reply. Upon filing its reply, PDI shall telephonically notify Rosemarie Miller, Courtroom Administrator, that this issue is submitted to the court for decision. Rosemarie Miller can be reached at the following number: 775-686-5829.

Upon the court's approval of the proposed discovery, PDI shall designate one or more

---

[5] *Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co. LTD*, 436 F.3d 349 (3d Cir. 2006).

[6] *Dominguez-Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650 (5th Cir. 2005).

[7] For purposes of clarification, the court notes that Ruzzo's discovery request shall be directly related to the issue of *in personam* jurisdiction.

1  officers, directors, or managing agents, or other persons who consent to testify on its behalf, and
2  may set forth, for each person designated, the matters on which the person will testify.  No
3  documents shall be produced except upon mutual agreement of the parties.  The persons designated
4  by PDI shall testify as to the matters known or reasonably available to the organization.  If the
5  witnesses designated by PDI are not knowledgeable as to matters in which Ruzzo seeks discovery,
6  Ruzzo may submit to the court a motion for further discovery no later than seven (7) days after the
7  depositions authorized herein.
8        The discovery contemplated by this order shall be completed within thirty (30) days from
9  the date the court approves the proposed discovery.  Upon completion of discovery, the parties shall
10  file appropriate points and authorities with respect to PDI's motion to dismiss in accordance with
11  Local Rule 7-2.  The parties' points and authorities shall address both jurisdiction and *forum non*
12  *conveniens*.
13        IT IS THEREFORE ORDERED that Ruzzo's Motion to Conduct Jurisdictional Discovery
14  (## 35, 36) is hereby GRANTED.  Limited discovery on the issue of *in personam* jurisdiction shall
15  be conducted in conformance with this order.
16        IT IS FURTHER ORDERED that PDI's cross-motion for bifurcation (# 46) is hereby
17  DENIED to the extent it seeks a decision on the issue of *forum non conveniens* before any
18  jurisdictional discovery is conducted.
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26

1    IT IS FURTHER ORDERED that PDI's request to file a sur-sur-reply (# 61) is hereby
2  GRANTED. The court will fully consider the arguments contained within this document.
3    IT IS SO ORDERED.
4    DATED this 23rd day of August, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

6